### COMMONWEALTH *vs.* WILLIAM K. THOMPSON.

The twelfth section of *St.* 1852, *c.* 322, concerning the manufacture and sale of spirituous and intoxicating liquors, having provided that " whenever a default shall be had of any recognizance arising under this act, *scire facias* shall be issued, returnable at the next term," an action of contract cannot be brought on such a recognizance, returnable at a subsequent term.

SHAW, C. J. This is an action of contract, under the new practice act, *St.* 1852, *c.* 312, § 1, on a recognizance entered into by the defendant, at June term 1853 of the court of common pleas at Concord. The defendant filed an answer, to which the Commonwealth has demurred. It appears by the record, that

the defendant was indicted under *St.* 1852, *c.* 322, as a common seller of spirituous liquors, and brought in on a warrant, and by order of court entered into the recognizance in question, in the sum of $200, to appear from term to term, and abide the order of the court, in usual form. It is conceded that the defendant made default.

One ground of defence is, that the suit should have been by writ of *scire facias*, and not by action of contract; and another, that no suit was brought at the next succeeding term of the court of common pleas after the default, but that a term of that court intervened. The facts, on which these defences rest, are admitted by the demurrer, and the question of law is, whether they constitute a good defence.

The clause in the act usually known as the liquor act, on which this defence rests, is found in the middle of a long section, § 12, containing a great variety of other provisions. It is in these words: " And whenever a default shall be had of any recognizance arising under this act, *scire facias* shall be issued, returnable at the next term, and the same shall not be continued, unless for good cause satisfactory to the court."

As this is the remedy specially provided, for the prosecution of all recognizances under this act, by the statute itself, as it is intended to follow immediately after the default, and be prosecuted in a special manner, the court are of opinion that the specific remedy by *scire facias* must be pursued, and that an action of contract, at a term subsequent to the one next after the default, will not lie. *Judgment for the defendant.*

*J. G. Abbott,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.